# In the United States Court of Federal Claims

No. 22-735C
(Filed:  August 12, 2022)

*****************************************

| | |
|---|---|
| TRACY RAY GIBSON, | * |
| | * |
| Plaintiff, | * |
| | * |
| v. | * |
| | * |
| THE UNITED STATES, | * |
| | * |
| Defendant. | * |

Pro Se Plaintiff; Sua Sponte Dismissal for Lack of Jurisdiction; Application to Proceed In Forma Pauperis

*****************************************

Tracy Ray Gibson, Rosharon, TX, pro se.

Sarah E. Kramer, United States Department of Justice, Washington, DC, for defendant.

## OPINION AND ORDER

Plaintiff Tracy Ray Gibson, proceeding pro se, asserts several constitutional and state-law claims.  Specifically, Mr. Gibson alleges that because a state appellate court granted him relief in a state criminal matter, he is entitled to compensation and a certificate of innocence under federal statutes.  In addition to his complaint, Mr. Gibson filed a motion requesting that his appellate court record "be furnished."  Finally, Mr. Gibson seeks to proceed in forma pauperis.  For the reasons set forth below, the court grants Mr. Gibson's application to proceed in forma pauperis, dismisses Mr. Gibson's complaint for lack of jurisdiction, and denies Mr. Gibson's motion.

## I.  BACKGROUND

Mr. Gibson's claims relate to several of his criminal matters in the state of Texas.  According to his complaint, Mr. Gibson pleaded guilty to aggravated robbery, felony possession of a firearm, and theft.  Compl. 1.[1]  As a result of at least some of those offenses, Mr. Gibson is currently incarcerated.  Id.  However, he did have some success in his appeal to Texas's Court of Criminal Appeals, which, according to Mr. Gibson, included a reversal and remand by the appellate court and a new trial.  Id.

Mr. Gibson alleges that his "constitutional rights of Due Process [and] Double Jeopardy were violated" and the "ineffective assistance of counsel violating his Sixth Amendment right to effective representations."  Id. at 3, 6.  All of these alleged constitutional violations seem to

---

[1]  The page references to all of Mr. Gibson's filings are those assigned by the court's electronic filing system.

relate to his Texas criminal matters. Specifically, Mr. Gibson argues that his rights were violated based on the purported misapplication of several provisions of the Texas Code of Criminal Procedure ("T.C.C.P.") pertaining to sentencing calculations. Id. at 4-5. For relief, Mr. Gibson seeks "compensat[ion] for [his] erroneous conviction," "his immediate release from a null and void conviction," and "a Certificate of innocence." Id. at 6.

Shortly after filing his complaint, Mr. Gibson filed a motion appearing to ask either this court or "the 145th Judicial District of Nacogdoches County, Clerk of Court Loretta Cammack" to furnish the "appellate record from the convicting trial court . . . ." Pl.'s Mot. for Trial Court to Furnish Appellate R. ("Pl.'s Mot.") 1. In his motion, Mr. Gibson restates the factual background he discusses in his complaint concerning his criminal conviction and subsequent appellate review and argues that this appellate record is relevant in the proceedings before this court. Id. at 1-2.

In conjunction with his complaint and motion, Mr. Gibson filed an application to proceed in forma pauperis. Having considered all of Mr. Gibson's submissions, and finding a response from defendant unnecessary, the court is prepared to adjudicate Mr. Gibson's claims.

## II.  MR. GIBSON'S COMPLAINT

Whether the court has jurisdiction to decide the merits of a case is a threshold matter. See Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94-95 (1998). "Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." Ex parte McCardle, 74 U.S. 506, 514 (1868). The parties or the court sua sponte may challenge the existence of subject-matter jurisdiction at any time. Folden v. United States, 379 F.3d 1344, 1354 (Fed. Cir. 2004).

When considering whether to dismiss a complaint for lack of jurisdiction, a court assumes that the allegations in the complaint are true and construes those allegations in the plaintiff's favor. Henke v. United States, 60 F.3d 795, 797 (Fed. Cir. 1995). A pro se plaintiff's complaint, "'however inartfully pleaded,' must be held to 'less stringent standards than formal pleadings drafted by lawyers'. . . ." Hughes v. Rowe, 449 U.S. 5, 10 n.7 (1980) (quoting Haines v. Kerner, 404 U.S. 519, 520-21 (1972)). However, a pro se plaintiff is not excused from meeting basic jurisdictional requirements. See Henke, 60 F.3d at 799 ("The fact that [the plaintiff] acted pro se in the drafting of his complaint may explain its ambiguities, but it does not excuse its failures, if such there be."). In other words, a pro se plaintiff is not excused from his burden of proving, by a preponderance of the evidence, that the court possesses jurisdiction. See Banks v. United States, 741 F.3d 1268, 1277 (Fed. Cir. 2014) (citing Reynolds v. Army & Air Force Exch. Serv., 846 F.2d 746, 748 (Fed. Cir. 1988)).

The ability of the United States Court of Federal Claims ("Court of Federal Claims") to entertain suits against the United States is limited. "The United States, as sovereign, is immune from suit save as it consents to be sued." United States v. Sherwood, 312 U.S. 584, 586 (1941). The waiver of immunity "cannot be implied but must be unequivocally expressed." United States v. King, 395 U.S. 1, 4 (1969).

The Tucker Act, the principal statute governing the jurisdiction of this court, waives sovereign immunity for claims against the United States, not sounding in tort, that are founded upon the United States Constitution, a federal statute or regulation, or an express or implied contract with the United States.  28 U.S.C. § 1491(a)(1).  However, the Tucker Act is merely a jurisdictional statute and "does not create any substantive right enforceable against the United States for money damages."  United States v. Testan, 424 U.S. 392, 398 (1976).  Instead, the substantive right must appear in another source of law, such as a "money-mandating constitutional provision, statute or regulation that has been violated, or an express or implied contract with the United States."  Loveladies Harbor, Inc. v. United States, 27 F.3d 1545, 1554 (Fed. Cir. 1994) (en banc).

Mr. Gibson invokes 28 U.S.C. § 1495 and 28 U.S.C. § 2513 as the basis for the court's jurisdiction.  Compl. 1.  The court does have jurisdiction to entertain claims for compensation based on unjust conviction and imprisonment; however, that jurisdiction only extends to unjust convictions for crimes against the United States.  See 28 U.S.C. § 1495 ("The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim for damages by any person unjustly convicted of an offense against the United States and imprisoned.").  Mr. Gibson does not allege that he was convicted of an offense against the United States.  Instead, accepting his statements as true, Mr. Gibson pleaded guilty to state-law crimes, successfully appealed two of the charges to a state criminal appellate court, and remains "in custody as ward of the State of Texas."  Compl. 1-2.  He does not allege that the United States played any role in his criminal convictions.  Accordingly, he does not meet the statutory requirement under 28 U.S.C. § 1495 of being convicted of an offense against the United States.[2]  See, e.g., Nyabwa v. United States, 130 Fed. Cl. 179, 184-85 (2017) (holding that the court did not have jurisdiction under 28 U.S.C. § 1495 because plaintiff's unjust conviction and imprisonment claims rose from state crimes).

Further, Mr. Gibson cannot rely on 28 U.S.C. § 2513 to establish jurisdiction.  This provision sets forth the prerequisites for a wrongful monetary claim under § 1495, including the production of a certificate of innocence.  See Wood v. United States, 91 Fed. Cl. 569, 577 (2009).  Because Mr. Gibson cannot satisfy the fundamental requirement that his conviction be for an offense against the United States, the prerequisites listed in § 2513 are irrelevant.  Additionally, Mr. Gibson's invocation of § 2513 to establish jurisdiction is at odds with his request that he "be awarded a certificate of innocence" Compl. 6.  The court does not have the authority provide a plaintiff with a certificate of innocence.  See 28 U.S.C. § 2513(a)(1) (requiring that the "court setting aside or reversing [the] conviction" provide the certificate of innocence).  Instead, pursuant to § 2513, a plaintiff provides a certificate of innocence to this court in support of his claim under § 1495.

Turning to the substance of his complaint, Mr. Gibson makes three constitutional claims: a due process claim, an ineffective assistance of counsel claim, and a double jeopardy claim.  All three claims fail because none of the constitutional provisions upon which Mr. Gibson relies

---

[2]  At the state level, Texas does have a statutory scheme that provides for an exoneree compensation program.  See Tex. Civ. Prac. & Rem. Code §§ 103.001-.003, 103.051-.054, 103.101-.102, 103.151-.154.

mandates the payment of money damages for its violation; therefore, this court lacks jurisdiction to entertain them.

Mr. Gibson first alleges a violation of his "constitutional rights of Due Process [and] Double Jeopardy." Compl. 3-4. Both the Fifth and Fourteenth Amendments of the United States Constitution contain due process clauses, and Mr. Gibson does not specify which due process clause he is referencing. Nevertheless, neither the Double Jeopardy Clause nor the due process clauses of the Fifth or Fourteenth Amendments are money-mandating. See Flowers v. United States, 321 F. App'x 928, 934 (Fed. Cir. 2008) (holding that the Court of Federal Claims lacks jurisdiction over claims of double jeopardy); LeBlanc v. United States, 50 F.3d 1025, 1028 (Fed. Cir. 1995) ("[T]he Due Process Clauses of the Fifth and Fourteenth Amendments [and] the Equal Protection Clause of the Fourteenth Amendment . . . [are not] a sufficient basis for jurisdiction because they do not mandate payment of money by the government."); Mullenberg v. United States, 857 F.2d 770, 773 (Fed. Cir. 1988) (holding that the Due Process and Equal Protection Clauses "do not trigger Tucker Act jurisdiction in the courts").

Additionally, Mr. Gibson alleges an ineffective assistance of counsel claim under the Sixth Amendment, stating that his "court-appointed counsel failed to object to a time barred indictment." Compl. 6. Again, the Sixth Amendment is not money-mandating; therefore, this court lacks jurisdiction. See Dupre v. United States, 229 Ct. Cl. 706, 706 (1981); Alston-Bullock v. United States, 122 Fed. Cl. 38, 44 (2015); Seals-Bey v. United States, 116 Fed. Cl. 120, 122 (2014).

Finally, Mr. Gibson makes several references to the T.C.C.P.[3] Compl. 4-5. These references seem to be tied to his due process and double jeopardy claims—alleging, for example, that the T.C.C.P. was violated, therefore, he was deprived of due process and suffered double jeopardy. See e.g., id. at 4 ("When the State implemented T.C.C.P. art § 28.10[,] it triggered Due Process [and] Double JEOPARDY."). To the extent Mr. Gibson's T.C.C.P. claims are inextricably linked to his due process and double jeopardy claims, this court, as discussed above, lacks jurisdiction over them. However, even if the T.C.C.P. claims are separate from Mr. Gibson's constitutional claims, the court still lacks jurisdiction. The T.C.C.P. is a Texas statute, and this court can only hear claims arising out of federal—not state—statutes or regulations. See 28 U.S.C. § 1491(a)(1); Souders v. S.C. Pub. Serv. Auth., 497 F.3d 1303, 1307 (Fed. Cir. 2007)

---

[3] In describing the plea bargain process in his criminal matter, Mr. Gibson also makes a single reference to a contract. See Compl. 3 ("Defendants did NOT reindict plaintiff but allowed him to enter another contract without jurisdiction over the subject-matter."). To the extent Mr. Gibson is asserting a breach of contract claim, this court lacks jurisdiction as the alleged contract is between Mr. Gibson and the state of Texas—not the United States. See 28 U.S.C. § 1491 ("The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded . . . upon . . . any express or implied contract with the United States . . . ."); accord Erickson Air Crane Co. v. United States, 731 F.2d 810, 813 (Fed. Cir. 1984) ("The government consents to be sued only by those with whom it has privity of contract."); cf. Kaetz v. United States, 158 Fed. Cl. 422, 428-29 (2022) (analyzing whether a plea agreement between the plaintiff and the United States was a "binding contract subject to Tucker Act jurisdiction" (quoting Kania v. United States, 650 F.2d 264, 268-69 (Ct. Cl. 1981))).

("Claims founded on state law are . . . outside the scope of the limited jurisdiction of the Court of Federal Claims.").

### III.  MR. GIBSON'S MOTION FOR THE TRIAL COURT TO FURNISH THE APPELLATE RECORD

Having determined that Mr. Gibson's claims must be dismissed for lack of subject-matter jurisdiction, the court turns to Mr. Gibson's motion that the appellate record of his criminal case "be furnished." Pl.'s Mot. 1. Mr. Gibson argues that this appellate record "is relevant in this . . . 28 U.S.C. § 1495; § 2513 proceeding[ ] to recover damages for erroneous conviction." Id. at 2. Construing the motion in his favor, Mr. Gibson is asking the court to consider an appellate record reflecting the relief he was granted because, assumedly, this record would be evidence of his unjust conviction for purposes of 28 U.S.C. § 1495 and would satisfy the certificate of innocence requirement of 28 U.S.C. § 2513. However, as discussed above, jurisdiction is a threshold matter, and because the court lacks jurisdiction over Mr. Gibson's claims, it can neither direct the compilation or submission of the state appellate record nor consider the contents of that record. Accordingly, it must deny Mr. Gibson's motion.

### IV.  MR. GIBSON'S APPLICATION TO PROCEED IN FORMA PAUPERIS

Finally, as noted above, Mr. Gibson filed, concurrent with his complaint, an application to proceed in forma pauperis. Courts of the United States are permitted to waive the prepayment or payment of filing fees and security under certain circumstances.[4] 28 U.S.C. § 1915(a)(1). Plaintiffs wishing to proceed in forma pauperis must submit an affidavit that lists all of their assets, declares that they are unable to pay the fees or give the security, and states the nature of the action and their belief that they are entitled to redress. Id. Further, prisoners must file "a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint . . . obtained from the appropriate official of each prison at which the prisoner is or was confined." Id. § 1915(a)(2).

Mr. Gibson has substantially satisfied the requirements set forth in 28 U.S.C. § 1915(a). The court therefore grants his application to proceed in forma pauperis and waives his prepayment of the filing fee. Notwithstanding the court's waiver, prisoners seeking to proceed in forma pauperis are required to pay, over time, the filing fee in full. Id. § 1915(b). Thus, Mr. Gibson shall be assessed, as a partial payment of the court's filing fee, an initial sum of twenty percent of the greater of (1) the average monthly deposits into his account, or (2) the average monthly balance in his account for the six-month period immediately preceding the filing of his complaint. See id. § 1915(b)(1). Thereafter, Mr. Gibson shall be required to make monthly

---

[4] While the Court of Federal Claims is not generally considered to be a "court of the United States" within the meaning of title 28 of the United States Code, the court has jurisdiction to grant or deny applications to proceed in forma pauperis. See 28 U.S.C. § 2503(d) (deeming the Court of Federal Claims to be "a court of the United States" for the purposes of 28 U.S.C. § 1915); see also Matthews v. United States, 72 Fed. Cl. 274, 277-78 (2006) (recognizing that Congress enacted the Court of Federal Claims Technical and Procedural Improvements Act of 1992, authorizing the court to, among other things, adjudicate applications to proceed in forma pauperis pursuant to 28 U.S.C. § 1915).

payments of twenty percent of the preceding month's income credited to his account.  <u>See</u> <u>id.</u> § 1915(b)(2).  The agency having custody of Mr. Gibson shall forward payments from his account to the clerk of the Court of Federal Claims each time the account balance exceeds $10 and until such time as the filing fee is paid in full.  <u>See</u> <u>id.</u>

## V.  CONCLUSION

As explained above, the court lacks jurisdiction to consider Mr. Gibson's claims.  Thus, the court **DISMISSES** Mr. Gibson's complaint **WITHOUT PREJUDICE** and **DENIES** Mr. Gibson's Motion for Trial Court to Furnish Appellate Record.  In addition, although the court **GRANTS** Mr. Gibson's application to proceed <u>in</u> <u>forma</u> <u>pauperis</u>, it directs Mr. Gibson to pay the filing fee in full pursuant to 28 U.S.C. § 1915(b), as previously described.  No costs.  The clerk shall enter judgment accordingly.

**IT IS SO ORDERED.**

MARGARET M. SWEENEY
Senior Judge